Filed 4/14/25  P. v. Vega CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100612 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE006251) |
| v. | |
| JOSE ANTONIO VEGA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jose Antonio Vega filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The prosecution charged defendant with driving or taking a vehicle without the owner's consent, receiving a stolen vehicle, and evading a peace officer in a vehicle as a

1

misdemeanor.  The prosecution alleged a prior strike conviction for assault with a deadly weapon and a prior conviction for driving or taking a vehicle without the owner's consent.  The prosecution also alleged that:  defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings were numerous or of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)); defendant had served a prior prison term (*id*., rule 4.421(b)(3)); and defendant was on probation, mandatory supervision, postrelease community supervision, or parole at the time of the offense (*id*., rule 4.421(b)(4)).

Prior to trial, the trial court denied defendant's application for mental health diversion.  The court granted the prosecution's motion to admit evidence of prior occasions in which defendant drove a stolen vehicle to establish intent and absence of mistake.

At trial, the victim testified that on April 21, 2023, she discovered her truck was not where she had parked it the previous night.  She reported to police that her truck had been stolen.  The victim had not given defendant permission to take her truck.  A police officer testified that on April 28, 2023, while on patrol in his marked police car, he observed a silver truck with no license plates on it, later identified to be the victim's truck.  He activated his lights and sirens but the truck did not yield and the officer pursued it.  The truck weaved in and out of lanes on the freeway during the pursuit.  After being pursued for over seven miles, the truck pulled over.  The officer identified defendant as the driver.

The jury found defendant guilty of driving a vehicle without the owner's consent and evading a peace officer in a vehicle.  Defendant waived his right to a jury trial as to the prior convictions and aggravating circumstances.  The trial court found true both of defendant's alleged prior convictions.  The court found true that defendant had numerous prior convictions and that he had served a prior prison term, but found not true that defendant was on parole at the time of the offense.  The court sentenced defendant to

eight years (the upper term doubled due to the prior strike) for driving a vehicle without the owner's consent and a concurrent term of one year for evading a peace officer.

Defendant appeals.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


/s/
ROBIE, Acting P. J.


We concur:


/s/
RENNER, J.


/s/
MESIWALA, J.

3